# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

SONNY L. HARMON )
 )
       Petitioner, )
 )
v. ) Case No. CIV 08-159-FHS
 )
JUSTIN JONES )
 )
       Respondent. )

**ORDER**

This action is before the court on respondent's motion to dismiss petitioner's petition for a writ of habeas corpus as time barred by the statute of limitations. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Davis Correctional Facility in Holdenville, Oklahoma attacks his conviction in Pontotoc County District Court Case Number CF-2001-379 for Conspiracy to Commit a Felony, Knowingly Concealing Stolen Property, Unauthorized Use of a Motor Vehicle, Conspiracy to Commit a Felony, and Feloniously Possessing a Firearm.

Respondent has filed a motion to dismiss alleging the petition was filed well beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d):

> (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>    (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The record shows that on November 4, 2003, petitioner entered a plea of guilty to Conspiracy to Commit a Felony, Knowingly Concealing Stolen Property, Unauthorized Use of a Motor Vehicle, Conspiracy to Commit A Felony, and Feloniously Possessing a Firearm, in Pontotoc County District Court Case Number CF-2001-379. He did not file a direct appeal within the ten days allowed causing his conviction to become final on November 14, 2003. See Rule 4.2 Rules of the Court of Criminal Appeals, Okla. Stat. tit. 22, Ch.18, App.; Okla. Stat. tit. 22, § 1051. Twenty-five days later, on December 9, 2003, the petitioner filed a Motion to Withdraw Plea, Out of time, which was construed as an Application for Post-Conviction Relief. The one-year limitations period was tolled by this filing, suspending time until the Oklahoma Court of Criminal

Appeals (OCCA) affirmed the denial of the first post conviction relief on April 12, 2004.

No further appeals were filed in 2004 or 2005 and the remaining 340 days of the one year period expired on March 18, 2005. The instant petition was filed April 11, 2008, well beyond the one year limitations period.

Petitioner alleges the limitation period should be tolled, because he believes he had a new legal issue inspired from a ruling by a trial court in another county. Petitioner is attempting to invoke Section 2244 (d)(1)(D) which refers to "the date on which the factual predicate of the claim...could have been discovered through the exercise of due diligence." It appears to the court there are no new facts but just legal issues which petitioner chose to abandon when he plead guilty in 2003. The facts which petitioner alleges give rise to his new claim existed in 2003. The only new issue is that these facts were similar to a successful suppression motion in a different county three years later.

The limitations period found in Section 2244 (d) expired several years before the petitioner chose to litigate his claim. The pendency of his second post conviction relief and related appeals did not resurrect the expired limitations period and there is no newly discovered evidence. The factual issues which petitioner raises now existed in 2003 when he chose to halt his trial and plead guilty.

**ACCORDINGLY**, respondent's motion to dismiss time barred petition is **GRANTED**, and this action is, in all respects, **DISMISSED**.

**IT IS SO ORDERED** this 23rd day of 2008.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma